Appellant sets forth the following four assignments of error on appeal:
"ASSIGNMENT OF ERROR I
 "THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO PROVE APPELLANT GUILTY BEYOND A REASONABLE DOUBT AND AS SUCH THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY.
"ASSIGNMENT OF ERROR II
 "THE COURT ERRED IN OVERRULING APPELLANTS [SIC] OBJECTION BASED ON EVIDENCE RULE 404(B).
"ASSIGNMENT OF ERROR III
 "THE COURT ERRED IN DENYING APPELLANTS [SIC] MOTION FOR ACQUITTAL UNDER CRIMINAL RULE 29.
"ASSIGNMENT OF ERROR IV
"THE TRIAL COURT LACKED VENUE AND JURISDICTION."
On April 16, 1998, Detective Douglas G. Hartman of the Bowling Green Police Department cited appellant's son, Jamie Gonzales, for driving appellant's 1985 GMC van while his driver's license was under suspension. After Gonzales was arrested on an unrelated charge, Gonzales' personal effects, clothes and work tools were found in the van, and the van key was found on his key chain. On April 17, 1998, Detective Hartman issued appellant a citation for allowing Gonzales to drive her van while Gonzales' license was under suspension, in violation of R.C. 4705.33.
On July 14, 1998, a trial to the court was held, at which Detective Hartman was the only witness to testify. Hartman testified that he knew Gonzales' driver's license was under suspension when he saw Gonzales driving the van on April 16, 1998, and that Gonzales' suspension was later confirmed by the police dispatcher. Hartman further testified that Gonzales lived with appellant in appellant's mobile home and that, when he arrested Gonzales, appellant's van had not been reported stolen.
Hartman stated that on April 17, 1998, he went to appellant's home at 535 Gypsy Lane, Lot #79, where he served appellant with a citation for unlawfully entrusting the van to Gonzales. Hartman further stated, over appellant's objection, that he believed appellant knew Gonzales' driver's license was suspended because appellant had retrieved the van from police on two prior occasions, after Gonzales was arrested for driving while under suspension and for driving while under the influence of alcohol.
At the close of Hartman's testimony, the court admitted into evidence a certified copy of a notice addressed to Gonzales from the Ohio Bureau of Motor Vehicles showing that Gonzales' driver's license was under suspension on April 16, 1998. However, the court refused to allow into evidence a copy of the police impoundment records showing that appellant retrieved her van from police following Gonzales' two prior arrests. At the close of all the evidence, appellant made a motion for acquittal pursuant to Crim.R. 29, which was denied.
On July 21, 1998, the trial court filed a judgment entry in which it found appellant guilty of violating R.C. 4507.33, sentenced her to serve thirty days in jail, ordered her to pay a $1,000 fine, and placed her on probation for two years. Appellant's jail sentence and all but $200 of the fine were suspended. On July 23, 1998, appellant filed a motion for reconsideration. On August 13, 1998, the trial court denied appellant's motion for reconsideration, and filed findings of fact and conclusions of law. On August 20, 1998, appellant filed a timely notice of appeal.
Appellant asserts in her first assignment of error that the evidence was insufficient to support the trial court's verdict.
The term "sufficiency" has been defined as "that legal standard which is applied to determine whether * * * the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins (1997), 78 Ohio St.3d 380, 396, citing Black's Law Dictionary (6 Ed. 1990) 1433. The Supreme Court of Ohio has held that, in reviewing the sufficiency of the evidence to support a criminal conviction, the appellate court must examine the evidence admitted at trial to determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, at paragraph two of the syllabus.
R.C. 4705.33 states, in relevant part:
 "No person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven by any person if either of the following applies:
 "(A) The offender knows or has reasonable cause to believe the other person has no legal right to drive the motor vehicle; * * *"
The term "authorize" is defined as:
 "`To empower; to give a right or authority to act. To endow with authority or effective legal power, warrant, or right.'" City of Brook Park v. Americargo, Inc. (1989), 59 Ohio App.3d 23, 25, quoting People v. Young, 100 Ill. App.2d 20.
The term "permit" is defined as:
 "`To suffer, allow, consent, let; to give leave or license; to acquiesce, by failure to prevent, or to expressly assent or agree to the doing of an act.'" Id., quoting Black's Law Dictionary (5 Ed. 1979) 1026.
The culpable mental state of "knowingly" is applicable to both "authorize" and "permit" as those terms are used in R.C.4507.33. Americargo, supra. Accordingly, in order to establish that appellant is guilty of violating R.C. 4507.33, the prosecution must prove beyond a reasonable doubt that appellant authorized or knowingly permitted Gonzales to drive her van on April 16, 1998, and that appellant knew of Gonzales' inability to legally operate a motor vehicle on that date. Id.
This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law finds that, even assuming, arguendo, that the state presented evidence from which it might be inferred that appellant knew Gonzales did not possess a valid driver's license in the past, no evidence was presented as to how Gonzales obtained the keys to appellant's van, or whether appellant knew that Gonzales was driving the van without a valid driver's license on April 16, 1998. Accordingly, after viewing the evidence in a light most favorable to the prosecution, no rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt in this case, and appellant's first assignment of error is well-taken.
Upon consideration of our disposition as to appellant's first assignment of error, we further find that appellant's second, third and fourth assignments of error have been rendered moot and therefore are not well-taken. The judgment of the Bowling Green Municipal Court is hereby reversed and this case is remanded to the trial court for further proceedings consistent with this opinion. Court costs of these proceedings are assessed to appellee, the state of Ohio.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., JUDGE
James R. Sherck, J., JUDGE
Richard W. Knepper, J., JUDGE
CONCUR.